UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ADRIENNE CORDER**<br>**326 Harry S. Truman Drive**<br>**Upper Marlboro, MD 20774**<br><br>*Plaintiff*<br><br>v.<br><br>**COMMUNITY OF HOPE**<br>**4 Atlantic Street, S.W.**<br>**Washington, D.C. 20032**<br><br>*Defendant.* | Civil Action No. 1:22 _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Community of Hope ("COH") by and through its attorney, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby removes this case from the Superior Court of the District of Columbia to the United States District for the District of Columbia.

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because the complaint implicates a federal question.

**I.    SUMMARY OF COMPLAINT**

1.    On September 20, 2022, plaintiff Adrienne Corder ("Corder") filed a Complaint against COH in the Superior Court of the District of Columbia, captioned *Adrienne Corder v. Community of Hope*, Civil Action No. 22 CA 004284 B ("the Complaint"). There are no co-defendants named in this action. A copy of the Complaint, Information Sheet, and Summons is attached collectively as Exhibit A.

2. On September 21, 2022, the Superior Court issued an Initial Order and Addendum. A copy of the Order is attached as Exhibit B.

3. On information and belief, these documents comprise the entirety of the process, pleadings, and order filed in the D.C. Superior Court docket to date.

4. In the Complaint, plaintiff alleges four (4) causes of action against COH. In Counts I and II, plaintiff alleges violations of her federal rights and asserts two (2) claims brought under Section 1981 of the Civil Rights Act of 1886, 42 U.S.C. § 1981, for discrimination and retaliation based on race. Because this action involves issues arising under a federal statute, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## II. VENUE

5. Corder originally filed this case in the Superior Court of the District of Columbia, which renders venue proper in this District. *See* 28 U.S.C. §§ 88, 1441(a).

## III. TIMELINESS OF REMOVAL

6. This removal is timely because COH is filing it within thirty days of receipt of service of Corder's Summons and Complaint, which occurred on November 18, 2022. *See* 28 U.S.C. §§ 1446(b), 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) (holding that removal deadlines runs from date of service).

## IV. SUBJECT-MATTER JURISDICTION

7. Federal law allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C § 1441(a). Such civil

action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Id*.

8. Federal district courts have original jurisdiction over civil actions that arise under the Constitution or the laws of the United States. 28 U.S.C § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To determine "whether a federal cause of action is present in a state court Complaint, a federal court examines whether the 'well pleaded complaint' relies on a federal question." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C § 1441(c)(1)(A).

9. Here, plaintiff's Complaint alleges racial discrimination in connection with her former employment at COH. Her pleadings expressly invoke Section 1981 of the Civil Rights Act of 1886, 28 U.S.C § 1981, a federal statute.

10. Accordingly, because plaintiff's Complaint implicates federal anti-discrimination law, the case is removable on this basis under 28 U.S.C § 1446.

## V. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT OF THE DISTRICT OF COLUMBA

11. Contemporaneously with the filing of this Notice of Removal, counsel for COH will provide notice to Corder – through her counsel – and will file a copy of this Notice with the Superior Court of the District of Columbia as required by 28 U.S.C § 1441(d).

**WHEREFORE,** Community of Hope respectfully submits that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Laura N. Steel*
Laura N. Steel, Esquire (D.C. Bar No. 367174)
1500 K Street, N.W., Suite 330
Washington, D.C. 20005
Phone: 202-626-7660
Fax: 202-628-3606
Laura.Steel@wilsonelser.com
*Counsel for Defendant Community of Hope*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal with attached Exhibits A and B was served electronically via ECF this 8th day of December 2022. to:

> David A. Branch, Esquire
> Law Office of David A. Branch & Associates PLLC
> 1828 L Street, N.W.
> Suite 820
> Washington D.C. 20036
> *Counsel for plaintiff, Adrienne Corder*

>> */s/ Laura N. Steel*
>> Laura N. Steel